Dixon *v.* Dixon.

4-7974                                                    197 S. W. 2d 43

Opinion delivered November 11, 1946.

648

*Boyd Tackett* and *Alfred Featherston,* for appellant.

*George E. Steel* and *Alston & Woods,* for appellee.

SMITH, J.  This suit was filed by the widow and five of the seven children of James A. J. Dixon, against the other two children of Dixon, to have an instrument in form a deed declared a mortgage, securing a debt which had been paid, or if not that it be declared that a constructive trust arose from its execution.  The relief prayed was denied, and from that decree is this appeal.

Dixon who died intestate January 10, 1913, survived by his wife and seven children, owned, at the time of his death, two forty-acre tracts of land.  His widow owned another forty-acre tract of land.  For the benefit of one of their heirs it became necessary to raise the sum of $300, which was done by giving a mortgage on all three forty-acre tracts of land.  That sum was borrowed from A. T. Henry, and to secure its repayment the widow and all the heirs joined in a mortgage to Henry, covering all three tracts of land.

This loan by Henry, secured as stated, was made in 1927, and was carried, with only small payments, all, or most of which appeared to have been made by the widow, until 1937, at which time it amounted, with accrued interest, to between six and seven hundred dollars. Henry then demanded payment of his debt, which the heirs were unable to make. He testified that he valued the three tracts at that time at $450, and he proposed to accept that sum in satisfaction of his mortgage. In the meantime he demanded a deed which would have saved foreclosure expenses.

The widow proposed to pay and did pay $150 of the $450 paid Henry. She gave this sum to her son, Andrew, who paid the balance of $450 on the mortgage, which was assigned to him. To secure the repayment to Andrew of the $350 which he advanced, the widow and the other heirs gave Andrew a warranty deed to the three tracts of land. It is undisputed that Andrew agreed when the deed was given to him that the advance might be repaid, in which event he agreed to reconvey the land. The decree from which is this appeal contains the following finding of fact: "There seems to be little doubt that Andrew agreed at the time of the execution of the deed that if anyone of the heirs, or all of them, would refund him his money, he would release the land back to the estate, but he claims that the contract, if any existed, was not in writing subject to the statute of frauds, and if it was given as an original mortgage, the original owners of the land had lost their right to redeem the land by not paying the mortgage at maturity or at any time paying the price paid by him for the land."

Andrew admits the facts stated, but denies that he agreed that repayment might be made at any time, but testified that the advance was to be repaid within a reasonable time. He testified that he made this advance to provide for his mother a home, and that he allowed her to remain in possession and to appropriate to her own use all the rents and profits derived from the land, but upon condition that she pay the taxes, all of which she paid except $45, which he paid. Andrew deeded forty

acres of the land to one of his brothers August 29, 1945, and he and his brother are the defendants in this case.

The deed from the widow and heirs to Andrew was dated January 8, 1936, this being the time when the mortgage to Henry was paid. No offer to redeem from Andrew was made until October 10, 1945, when this suit was filed, in which it was prayed that it be adjudged that the deed to Andrew was in fact a mortgage, and that the debt which it secured had been paid.

The case was tried upon the theory that if the deed to Andrew was not a mortgage, a constructive trust in favor of the plaintiffs arose from the fact that Andrew had obtained his deed by virtue of his false promise to permit a redemption. The chancellor was of the opinion that this contention had not been sustained and dismissed the case as being without equity. We are of the opinion, however, that the deed to Andrew was given as, and in fact was, a mortgage. Many of our cases have announced the law to be that if it is the intention of the parties to an instrument, in form a deed, that it was executed as security for a debt which continued to be owing after the execution of the instrument, it is, regardless of its form, a mortgage. A recent case so holding, citing other cases to the same effect, is that of *Sturgiss* v. *Hughes*, 206 Ark. 946, 178 S. W. 2d 236.

There is a circumstance which impels our conclusion. On account of the war, timber on the land became valuable, and Andrew sold this timber on June 27, 1945, for $900 cash. There was a computation of the sum then due him on account of the advance he had made to discharge the mortgage to Henry. The testimony is conflicting and uncertain as to who made the computation, but it is certain someone made it. The interest was computed at 10 per cent, compound interest, and amounted to $375.21. This with the principal debt of $300 amounted to $675.21, and the balance of the purchase money, stated to be $225, was paid to the widow. As a matter of fact, this balance lacks something less than one dollar of being $225; but that sum was paid to the widow. Andrew says

that this was a mere gift to his mother, but we think the strained relation between him and his mother does not sustain that contention. We think this transaction shows not only that the deed to Andrew was a mortgage, but shows also that the debt which it secured was paid

The heirs insist that Andrew should be charged with the difference between simple interest and compound interest, but we do not think that the equity of the case requires that this be done, as the transaction was had without objection on the part of the widow or the heirs.

On the other hand, we think the equity of the case requires that Andrew be allowed a credit of $300 arising out of these facts. The widow advised Andrew that she wanted to sell her forty-acre tract to a son named Hilry, for a consideration of $300. Andrew refused to consent to this conveyance, and paid his mother $300. He did not take a deed from his mother, as he already had her deed. He said this was a mere gift, given to his mother because she said she needed the money. It appears somewhat incongruous to give any credit for this money which he says was a gift, but we do not think it was any more a gift than was the $225 which he testified he gave his mother. He was at that time claiming title to all three forty-acre tracts, and it would have been inconsistent with this claim to have accepted another deed. But he did pay his mother the exact sum of money for which she proposed to convey the land to her son, Hilry. Holding as we do that the deed to Andrew was in fact a mortgage which was satisfied out of the proceeds of the sale of the timber, the widow will recover her forty-acre tract of said land, but we think there should be imposed upon it a lien in Andrew's favor for the $300 which he paid her, as it does not appear equitable to allow her to recover her land, free of the mortgage, and to keep the $300. A lien will therefore be declared in Andrew's favor for $300.

It appears that Andrew conveyed one of the forty-acre tracts to his brother who was joined as a defendant for the recited consideration of $200. We think it obvious that his brother was not an innocent purchaser, and that

the deed to him was subject to the mortgage. This appeal does not present the question how he may recover the $200 from Andrew, if he in fact paid it.

The decree of the court below will therefore be reversed, and the cause will be remanded with directions to declare that the deed to Andrew from his mother and the heirs was in fact a mortgage, and has been paid and to cancel it as having been satisfied. There will be adjudged in Andrew's favor a lien on the forty-acre tract owned by his mother for the sum of $300 which he paid her.

The entire costs of the case will be divided equally between appellants and appellees.